UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES KENYATTA JR A.K.A.
CHARLIECEE,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK; NEW YORK
CITY DEPARTMENT OF PARKS AND
RECREATION; THE STATE OF NEW YORK,

                    Defendants.

25-CV-2868 (KMW)

ORDER OF DISMISSAL

---

KIMBA M. WOOD, United States District Judge:

      Plaintiff, who currently is incarcerated at Lakeview Shock Incarceration Correctional

Facility in Brocton, New York, brings this *pro se* action alleging that Defendants violated the

United States Constitution and New York State law when they seized land in New York City in

the 1850s to construct what is now Central Park.  By Order dated May 1, 2025, ECF No. 8, the

court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees.[1]  For the reasons set forth below, the Court dismisses the complaint.


## STANDARD OF REVIEW

      The Court must dismiss a complaint, or any portion of the complaint, that is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas

v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, who is the founder of the non-profit Kenyatta Foundation, brings this action "seek[ing] redress for the racially discriminatory destruction of Seneca Village, a 19th-century African-American settlement in Manhattan, forcibly seized by the City of New York in the 1850s to construct what is now Central Park." (ECF 1, at 1.) He maintains that the seizure "disproportionately displaced Black landowners and stripped them of generational wealth, property, and political power." (*Id.* at 1-2.)

The following facts are drawn from the complaint.[2] Seneca Village was established in Northeast Manhattan in 1825 by free Black landowners, and, by 1855, it was home to approximately 225 people, "many of whom were African-American property owners eligible to vote under New York law." (*Id.* at 3.) In 1857, the City of New York used eminent domain to seize the land of Seneca Village, destroy the homes located there, and forcibly remove the residents. (*Id.*) The compensation provided to the residents "was minimal and not equitable to the market value." (*Id.*) Plaintiff alleges that the white property owners in nearby areas "received better settlements or negotiation opportunities." (*Id.*) The former site of Seneca

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

Village is now part of Central Park, "a world-renowned public space built upon stolen Black-owned land." (*Id.*)

Plaintiff alleges that Seneca Village was one of the "first successful land-owning Black communities in the North," and that its "obliteration set a precedent for the systemic theft of Black-owned land across the county, the consequences of which are still felt today through intergenerational poverty, housing inequality, and cultural erasure." (*Id.* at 5.)

Plaintiff maintains that Jewish Americans "have received . . . recognition of property claims lost during the Holocaust era" and Native American tribes have received "land grants, recognition of ancestral territories, casino and tax rights, and billions in federal settlements and trust lands as part of historic reparations." (*Id.* at 3.) Descendants of enslaved African Americans and Black landowners, however, "have been systematically denied similar forms of justice, restitution, or land return." (*Id.* at 4.)

Plaintiff states that he "brings this action on behalf of displaced descendants of Seneca Village." (*Id.* at 2.) Plaintiff, however, clarifies that he is "not a lineal descendant of a named individual in Seneca Village," but he nonetheless seeks to proceed "as a Black American activist" (*id.* at 5) and "as a member of the African American community whose cultural, political, and economic heritage was irreparably damaged by the racially motivated destruction of that community." (*Id.* at 2.)

Plaintiff was born and raised in East Harlem. He alleges that "[h]ad Seneca Village remained intact . . . it could have served as a powerful cultural and economic anchor for Black communities" in the area. (*Id.* at 7.) Moreover, had Seneca Village existed when Plaintiff was growing up in East Harlem, it "could have had" a positive impact on his "community and personal development." (*Id.*)

Plaintiff seeks $1 billion in damages, which includes $400 million for "generational wealth loss"; $200 million for "economic marginalization of descendants"; $100 million for "cultural and educational harm"; $100 million for "psychological and social harm"; and $200 million for "punitive and exemplary damages." (*Id.* at 13.) Plaintiff also requests an order "return[ing] no less than 5 acres of land equivalent in scale to the former Seneca Village . . . to the Kenyatta Foundation," which will develop the land to include churches, Black-owned businesses, Boys and Girls Clubs, affordable housing, schools, and a Black Heritage Museum. (*Id.* at 14.)

## DISCUSSION

### A.    Claims on behalf of Kenyatta Foundation LLC

Plaintiff appears to assert claims on behalf of the Kenyatta Foundation, a non-profit limited liability company run by Plaintiff. (*See* ECF 1-4, 1-5.) For example, part of the relief sought in the complaint is an order transferring land to the Kenyatta Foundation. (ECF 1, at 13.) Plaintiff, however, may not bring claims on behalf of the Kenyatta Foundation. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (per curiam) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Although "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner[,] [u]nlike a sole proprietorship, a sole member limited liability company is a distinct legal entity that is separate from its owner."

*Lattanzio*, 481 F.3d at 140.  Thus, a limited liability company, including a sole-member or solely owned limited liability company, cannot appear in federal court without an attorney.  *See id.* ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney." (internal citation omitted)); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney).

Plaintiff does not allege that he is an attorney.  The Court therefore dismisses without prejudice any claims Plaintiff may be asserting on behalf of the Kenyatta Foundation.

## B.    Standing

The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).  Standing is, therefore, "the threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc.*, 578 U.S. at 338 (citing *Lujan*, 504 U.S. at 560-61).  "The party invoking federal jurisdiction bears the burden" of establishing standing.  *Lujan*, 504 U.S. at 561.  At the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing.  *Spokeo, Inc.*, 578 U.S. at 338 (quoting *Warth*, 422 U.S. at 518)).

5

The injury-in-fact requirement is "first and foremost" among the three elements of standing. *Id.* (internal quotation marks omitted). An injury in fact consists of "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted). A harm is "concrete" if it actually exists and is "particularized" if it affects the plaintiff personally and individually. *Spokeo, Inc.*, 578 U.S. at 339-40. "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* at 339 (citing *Lujan*, 504 U.S. at 560 n.1). In contrast, "when the asserted harm is a generalized grievance shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth*, 422 U.S. at 499.

Plaintiff does not allege that Defendants personally harmed him. In fact, Plaintiff states that he himself has no connection to the former Seneca Village, even through his ancestors. Plaintiff instead alleges that he was harmed "as a member of the African American community whose cultural, political, and economic heritage was irreparably damaged by the racially motivated destruction of that community." (ECF 1, at 2.) Such harm is not particularized to Plaintiff.

The harms that Plaintiff claims were suffered by the African American community are speculative. Plaintiff alleges that "*[h]ad* Seneca Village remained intact . . . it *could have served* as a powerful cultural and economic anchor for Black communities" in the area, and that *if* Seneca Village existed when Plaintiff was growing up in East Harlem, it "could have had" a positive impact on his "community and personal development." (*Id.* at 7 (emphasis added).) These allegations are speculative and generalized, and do not warrant exercise of jurisdiction. .

Plaintiff therefore lacks standing to bring this action, and consequently, the Court dismisses the action for lack of subject matter jurisdiction.  *See Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (noting that where "plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." (internal quotation marks and citation omitted)).

**C.    Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Court dismisses without prejudice any claims Plaintiff seeks to bring on behalf of the Kenyatta Foundation.

The Court dismisses Plaintiff's claims brought on his own behalf without prejudice for lack of standing, and therefore, for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is directed to terminate all pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated:    July 16, 2025
          New York, New York

/s/ Kimba M. Wood
                                    KIMBA M. WOOD
                               United States District Judge